FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 28, 2023

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MYRNA A.,

                Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

                Defendant.

NO: 2:22-CV-0202-TOR

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF

BEFORE THE COURT are the parties' briefs seeking judgment in this case. ECF Nos. 6, 10, and 11. The briefing was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, Plaintiff's request for remand, ECF No. 6, is DENIED, and Defendant's request for affirmance, ECF No. 10, is GRANTED.

//

//

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error

that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not

disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe, or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §

404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 5

"exists in significant numbers in the national economy." 20 C.F.R. § 416.1560(c); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

Determination of whether a person's eligibility has ended for disability benefits involves an eight-step process under Title II. 20 C.F.R. §§ 404.1594(f)(1)-(8). The first step addresses whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1). If not, step two determines whether the claimant has an impairment or combination of impairments that meet or equal the severity of listed impairments set forth at 20 C.F.R. pt. 404, subpt. P, app. 1. 20 C.F.R. §§ 404.1520(d), 404.1594(f)(2).

If the impairment does not equal a listed impairment, the third step addresses whether there has been medical improvement in the claimant's condition. 20 C.F.R. § 404.1594(f)(3). Medical improvement is "any decrease in the medical severity" of the impairment that was present at the time the individual was disabled or continued to be disabled. 20 C.F.R. § 404.1594(b)(1).

If there has been medical improvement, at step four, a determination is made whether such improvement is related to the claimant's ability to perform work—that is, whether there has been an increase in the individual's residual functional capacity. 20 C.F.R. § 404.1594(f)(4). If the answer to step four is yes, the Commissioner skips to step six and inquires whether all of the claimant's current impairments in combination are severe.

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 6

If there has been no medical improvement or medical improvement is not related to the claimant's ability to work, the evaluation proceeds to step five. At step five, consideration is given to whether the case meets any of the special exceptions to medical improvement for determining that disability has ceased. 20 C.F.R. § 404.1594(f)(5).

At step six, if medical improvement is shown to be related to the claimant's ability to work, a determination will be made to assess whether the claimant's current impairments in combination are severe—that is, whether they impose more than a minimal limitation on her physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1594(f)(6). If the answer to that inquiry is yes, at step seven the ALJ must determine whether the claimant can perform past relevant work. 20 C.F.R. §§ 404.1520(e), 404.1594(f)(7).

Finally, at step eight, if the claimant cannot perform past relevant work, a limited burden of production shifts to the Commissioner to prove there is alternative work in the national economy that the claimant can perform given her age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1594(f)(8). If the claimant cannot perform a significant number of other jobs, she remains disabled despite medical improvement; if, however, she can perform a significant number of other jobs, disability ceases. *Id.*

Prior to the final step, the burden to prove disability and continuing entitlement to disability benefits is on the claimant. 20 C.F.R. § 404.1594; *cf. Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The Commissioner must consider all evidence without regard to prior findings and there must be substantial evidence that medical improvement has occurred. 42 U.S.C. §§ 423(f)(1), 1382c(a)(4). The Commissioner views the evidence in a continuing disability review from a neutral perspective, without any initial inference as to the existence of disability being drawn from a prior finding of disability. 42 U.S.C. §§ 423(f)(1), 1382c(a)(4).

If the analysis proceeds to step eight, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." Cf. *Bowen v. Yuckert*, 482 U.S. at 146 n.5; and *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012) (applying the same burden at the initial disability determination).

## ALJ'S FINDINGS

Plaintiff applied for a period of disability and disability insurance benefits on December 19, 2019, alleging disability beginning January 19, 2018. Tr. 17. The claim was denied initially on May 18, 2020, and upon reconsideration on September 4, 2020. *Id*. Plaintiff requested a hearing. *Id*. A telephonic hearing was held before an administrative law judge ("ALJ") on October 4, 2021. *Id*. On October 15, 2021, the ALJ granted Plaintiff's claim of disability from January 19,

2018 through May 1, 2019, but not thereafter. Tr. 29. The Appeals Council denied review on September 1, 2022. Tr. 1.

As a threshold matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2024. Tr. 20. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 19, 2018. *Id*. At step two, the ALJ found that Plaintiff had the following severe impairment: right shoulder dislocation, status post multiple surgeries. Tr. 21. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. *Id*. The ALJ then determined, from January 19, 2018 through May 1, 2019, Plaintiff had the residual functional capacity to perform a full range of light work except:

> [S]he was unable to lift/carry, push/pull, handle, or reach with her right dominant upper extremity; she was unable to kneel, crawl, or climb ladders, ropes, or scaffolds; she could not have concentrated exposure to extreme cold or vibration; she could have no exposure to hazards (e.g., unprotected heights, moving mechanical parts); and she would have been off task 15% of the workday.

Tr. 21.

At step four, the ALJ found, from January 19, 2018 through May 1, 2019, Plaintiff could not perform any past relevant work. Tr. 25. At step five, the ALJ determined, from January 19, 2018 through May 1, 2019, there were no jobs that

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 9

existed in significant numbers in the national economy that the Plaintiff could have performed. Tr. 25. The ALJ found a closed period of disability from January 19, 2018 through May 1, 2019.

However, the ALJ then found that Plaintiff had not developed any new impairment or impairments since May 2, 2019, the date Plaintiff's disability ended. Tr. 26. The ALJ found that beginning May 2, 2019, Plaintiff had the residual functional capacity to perform a full range of light work, except:

> with her right upper extremity, she can lift and carry a maximum of five pounds, and cannot reach overhead, kneel, crawl, engage in forceful grasping (e.g., swinging a hammer, twisting a lug wrench), or climb ladders, ropes, or scaffolds; with her right upper extremity, she can occasionally push, pull, reach above chest level, and reach other directions beyond 18" from her body; with her right upper extremity, she could frequently handle; she cannot have concentrated exposure to extreme cold or vibration; and she can have no exposure to hazards (e.g., unprotected heights, moving mechanical parts).

Tr. 27. At step four, the ALJ found Plaintiff capable of performing past relevant work as license clerk, attendance clerk, and gambling monitor. Tr. 28. The ALJ then concluded that Plaintiff's disability ended May 2, 2019, and that Plaintiff has not become disabled since that date. Tr. 29.

## ISSUES

Plaintiff seeks judicial review of the ALJ's final decision denying her disability insurance benefits under Title II of the Social Security Act. Plaintiff raises the following issues:

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 10

1. Whether the ALJ's finding of medical improvement took all the probative evidence into consideration; and

2. Whether the ALJ erred in consideration of the medical opinions of Dr. Castrodale;

ECF No. 6 at 5-9 and 10-12.

## DISCUSSION

**A. Whether the ALJ took all Probative Evidence into Consideration**

Plaintiff argues the ALJ's findings were not a reasonable interpretation of the evidence. Plaintiff contends she tried to return to work but was unable to perform for more than four hours a day without a deterioration of her functioning. Plaintiff was terminated from her position because her employer did not want to provide accommodations that might have allowed her to work full-time. Thus, Plaintiff contends the ALJ's findings were not supported by substantial evidence.

Based on the record, the ALJ found that Plaintiff returned to modified light duty work with no overhead lifting or climbing and she was working four hours a day in March and August 2019. Tr. 22. By October 2019, she was close to full strength. *Id*. The ALJ found that by May 2019, despite Plaintiff's assertions, her record showed significant improvement and by her own report, her shoulder replacement surgery was successful. Tr. 23, 27. She returned to work and her examination in May 2019 showed 95 degrees of abduction, indicating ability to

raise the arm enough to get the elbow above the shoulder, and she reported a pain level of only 1/10 pain and being pleased with the outcome of her surgery. *Id*. Subsequent chart notes are similarly encouraging which showed an increase in grip strength and range of shoulder motion and the most thorough, specific examinations performed after her surgery showed nearly complete range of motion and strong grip strength. *Id*. She also reported that after her shoulder replacement, she was able to return to work 20 hours a week without pain or fatigue and tolerate driving. *Id*. Her physical therapy reports further show that she had achieved functional range of motion in all areas except external rotation. Other past reports also indicated that she was able to lift up to 20 pound in strength exercises and she was pleased with her progress and her shoulder felt better since surgery. *Id*. The ALJ further found that Plaintiff was able to work at substantial gainful activity levels before being terminated (in September 2019) because her employer refused to accommodate her. Tr. 23.

      Plaintiff takes issue with the ALJ's conclusions but does not dispute the evidence cited. The Court may not reverse the ALJ's decision based on Plaintiff's disagreement with the ALJ's interpretation of the record. *See Tommasett v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Because the ALJ's interpretation of the evidence was rational and supported by substantial evidence, the Court will not reverse the ALJ's decision.

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 12

The ALJ provided substantial evidence to support the conclusion that beginning May 2, 2019, Plaintiff had the residual functional capacity to perform her past relevant work.

### B. Medical Opinion of Dr. Castrodale

Plaintiff challenges the ALJ's evaluation of the medical opinion of Dr. Castrodale. ECF No. 6 at 10-12. Dr. Castrodale saw Plaintiff two times and articulated certain limitations Plaintiff had.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. 20 C.F.R. §§ 404.1520c, 416.920c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). The ALJ applied the new regulations because Plaintiff's claim was filed after March 27, 2017.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68. Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 13

with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). These factors are explained as follows:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 14

ALJ is required to explain how "the most persuasive factors" were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

These regulations displace the Ninth Circuit's standard that require an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). As a result, the ALJ's decision for discrediting any medical opinion "must simply be supported by substantial evidence." *Id*.

The ALJ considered Dr. Castrodale's report. Tr. 24. The ALJ found the assessment only "partially persuasive since 1) it is vague/nonspecific ("limited"), 2) was provided in a checkbox form fashion with little explanation, and 3) this provider has had only a brief treating relationship with the claimant and his chart notes are vague and provide little objective support for these limitations." *Id*. An ALJ "may reject a medical opinion if it is conclusory, and inadequately supported by clinical findings." *Downing v. Barnhart*, 167 F. App'x 652, 653 (9th Cir. 2006) (citation and quotations omitted).

Dr. Castrodale's restriction to lifting less than 10 pounds was not consistent with the record, including claimant's own report that she worked up to lifting pounds by the end of her physical therapy/rehabilitation, and the nature of the claimant's impairment was unilateral and does not affect her left side. *Id*. The ALJ did find that Plaintiff had been found to have limitations for some of these

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 15

same functions and therefore, it can be found persuasive on these points (a sedentary lifting/carrying capacity and limitations for reaching, crawling, and climbing). *Id*. These limitations were incorporated into the RFC and the impartial medical expert testified that she could perform her past relevant work.

Therefore, the Court finds that the ALJ provided substantial evidence for partially discrediting Dr. Castrodale's opinion evidence.

CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Brief (effectively a motion for summary judgment), ECF No. 6, is **DENIED**

2. Defendant's Brief (effectively a motion for summary judgment), ECF No. 10, is **GRANTED**.

The District Court Executive is directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

DATED April 28, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 16